UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DIMITRE, | No. 2:17-cv-1698 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE UNIVERSITY EMPLOYEES UNION, | |
| Defendant. | |

On October 28, 2018, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned pursuant to Local Rule 302(c)(1). (ECF Nos. 29 & 30.) On January 22, 2019, the hearing of that motion was vacated due to plaintiff's failure to comply with Local Rule 251. (ECF No. 33.)

On January 30, 2019, plaintiff filed an amended motion to compel. (ECF No. 34.) Defendant filed an opposition on February 8, 2019. (ECF No. 35.) Plaintiff, however, has again failed to comply with Local Rule 251 and with the undersigned's Standard Information.

In this regard, plaintiff's amended motion states that after plaintiff filed the original motion to compel, defendant "produces an additional 11,000 pages of documents." (ECF No. 34 at 3.) Plaintiff then sent two emails to defendant requesting to meet and confer. (Id. at 3-4.) Plaintiff received no response and filed the amended motion to compel on January 30, 2019.

1

Pursuant to Local Rule 251(a), motions regarding discovery disagreements may be heard by filing a notice of motion and motion scheduling the motion for hearing at least twenty-one days therefrom. Local Rule 251(b) provides that a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement." Local Rule 251(c). The failure to file a Joint Statement may result in the hearing being dropped from calendar. Local Rule 251(a).

Moreover, pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)." See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. And parties must meet and confer in person—distance permitting—prior to the filing of a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement. Id.

If, after attempting to meet and confer in person or via telephone or video conferencing, both prior to filing the motion and again prior to the filing of the Joint Statement, counsel for the moving party was unable, after a good faith effort, to secure the opposing party's cooperation in meeting and conferring or in preparing the Joint Statement, counsel for the moving party may file an affidavit so stating. Local Rule 251(d). Here, however, after plaintiff's original motion was dropped from calendar, plaintiff simply sent two emails to defense counsel. Receiving no response plaintiff filed an amended motion to compel, and took no further action. That course of conduct fails to satisfy the requirements under the Local Rules and the undersigned's Standard Information.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 30, 2019 amended motion to compel (ECF No. 34) is denied without prejudice to renewal[1]; and

2. The February 22, 2019 hearing of plaintiff's motion is vacated.

Dated: February 19, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\dimitre1698.mtc.js.den.ord

---

[1] If plaintiff elects to bring a renewed motion to compel, the parties' briefing shall also address whether discovery in this action should be re-opened, for how long, and how that might impact future dates in this action.