UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DIMITRE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY EMPLOYEES' UNION, et al.,<br><br>Defendants. | No. 2:17-CV-01698-KJM-DB<br><br>ORDER |

Plaintiff, a licensed attorney proceeding pro se moves to reopen discovery so that he may file a motion to compel under Rule 251. The court submitted the matter without oral argument. ECF No. 50. For the reasons provided below, the court DENIES plaintiffs' motion to reopen discovery.

I. BACKGROUND

In its scheduling order, issued in February 2018, the court set the cut-off for fact discovery as October 15, 2018. On October 28, 2018, nearly two weeks after that deadline, plaintiff first moved to compel the production of all documents response to his first request for production. ECF No. 29. After the magistrate judge vacated the hearing on the motion due to plaintiff's failure to meet and confer as required by Local Rule 251, ECF No. 33, plaintiff filed an amended motion, ECF No. 34. On February 20, 2019, the magistrate judge denied the amended motion on the basis that it still did not comply with Local Rule 251. ECF No. 39.

Nearly two months later, on April 17, 2019, plaintiff moved to extend the discovery deadline. ECF No. 40. The magistrate judge denied the motion, explaining that, because discovery had already closed, plaintiff was asking the court to re-open discovery and reset the deadline for filing and hearing dispositive motions, and she did not have the authority to do so under the scheduling order in effect in this case. ECF No. 45 at 2 (citing Order, ECF No. 25 at 6). On May 20, 2019, plaintiff again moved to reopen discovery, this time before the undersigned. For the foregoing reasons, the court DENIES plaintiff's motion.

## II. LEGAL STANDARD

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-CV-001196 JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery).

The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end and the request should be denied. *Id*. The decision to reopen discovery involves an exercise of discretion. *Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997); *see also Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) ("Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion.").

Courts have used a three-step inquiry in assessing diligence for the purposes of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the

2

> development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, No. 2:11-CV-00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, No. CIV-S-11-0360-LKK, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

Specific factors courts consider when determining a motion to reopen discovery include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*United States, ex rel. William Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (citing *Smith*, 834 F.2d at 169).

"Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source." *Fed. Deposit Ins. Corp. As Receiver for Butte Cmty. Bank v. Ching*, No. 2:13-CV-01710-KJM-EFB, 2016 WL 1756913, at *2 (E.D. Cal. May 3, 2016) (citing *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008)).

III. DISCUSSION

A. Plaintiff's Diligence

Plaintiff has not shown good cause to reopen discovery in order to file a motion to compel. That plaintiff waited until after the close of discovery to file his first motion to compel suggests plaintiff was not diligent in pursuing discovery within the timeframe ordered by the court. *See* ECF No. 29. Furthermore, plaintiff did not once ask to extend the discovery deadline before it passed, but rather waited until discovery had been closed for seven months before moving to "extend discovery." *See* ECF No. 40. Defendant blames the delay on "defendant's refusal to cooperate in discovery." Mot. at 5. However, plaintiff does not explain why it took

3

him until two weeks after the close of discovery to file his first motion to compel, despite his allegation that defendant has been non-cooperative since roughly March, 2018. *See* Mot. at 2–3 (citing discovery-related correspondence with defendant from March 28, 2018 to March 20, 2019). The primary factor in assessing good cause, diligence, does not weigh in plaintiff's favor here.

### B. Other Good Cause Factors

The other good cause factors generally weigh against finding good cause, with some exceptions. *See Schumer*, 63 F.3d at 1526. Trial has not been scheduled, so is not "imminent"; this factor weighs in favor of finding good cause. However, the motion to reopen discovery is opposed, which weighs against such a finding. *See* ECF No. 48. Defendant will suffer at least some prejudice due to the delay that would be caused by reopening discovery, though they do not discuss prejudice in their opposition. *See generally* Opp'n. S*ee also Katen & Sons, Inc. v. Allegheny Trucks, Inc.*, No. 316CV01124BKSDEP, 2018 WL 3159822, at *1 (N.D.N.Y. May 17, 2018) (noting court found defendant would be prejudiced by delay if court amended scheduling order); *cf. In re Asbestos Prod. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 130 (E.D. Pa. 2011), *adhered to*, No. MDL 875, 2012 WL 10929213 (E.D. Pa. Mar. 12, 2012), *and aff'd*, 718 F.3d 236 (3d Cir. 2013) ("[I]f Plaintiffs' counsel fails to comply with the Court's roadmap without justification, as in this case, not only will the Court not reach the merits in a timely fashion, but the progress of other cases waiting in the queue will also be delayed."). As to the "foreseeability of the need for additional discovery," plaintiff does not claim the need to extend or reopen discovery was unforeseeable, nor was it apparently caused by any unforeseeable event. Even assuming defendants were uncooperative throughout the discovery period, plaintiff provides no reason why he could not move to extend the discovery deadline before it expired or move to reopen discovery soon after. Finally, plaintiff does not argue that the final factor, "the likelihood that the discovery will lead to relevant evidence," weighs in his favor, so the court will not speculate on the point.

Given plaintiff's lack of diligence, primarily, taking account of defendant's opposition to the motion to reopen, and the foreseeability of plaintiff's situation, the court finds

plaintiff has not shown good cause to reopen discovery to allow him to "complete discovery," Mot. at 6.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES plaintiffs' motion to reopen discovery solely to renew the motion for sanctions. This resolves ECF No. 46.

IT IS SO ORDERED.

DATED: September 24, 2019.

_____
UNITED STATES DISTRICT JUDGE